NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

MARK A. ORTIZ,

     Plaintiff,

v.

LOUIS DEJOY, *et al.*,

     Defendants.

No. 24cv9218 (EP) (AME)

**OPINION**

---

**PADIN, District Judge.**

*Pro se* Plaintiff Mark A. Ortiz seeks to bring this action *in forma pauperis* ("IFP") against Defendants Louis DeJoy, the United States Postal Service ("USPS") Postmaster General; Steve Laird; and George Smith.  D.E. 1 ("Complaint" or "Compl.").  The Court construes Plaintiff's Complaint to allege that Defendants' requirement that he provide a medical note indicating "no restrictions" as a condition to return to work constituted discrimination and retaliation under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.  Id.* at 3.  Plaintiff seeks back pay for the 32 weeks he was purportedly precluded from working.  *Id.* at 4.

For the reasons below, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-1, and **DISMISS** the Complaint ***without prejudice*** pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    BACKGROUND

Plaintiff states that he underwent "OWCP[1] approved surgery" since June 7, 2022.  D.E. 1-4.  He informed management of the pending surgery but was "denied reasonable accommodations, such as light duty work, which was granted to others under similar circumstances."  *Id.*

---

[1] The Court understands this to mean the U.S. Department of Labor's Office of Workers' Compensation Programs.

Plaintiff also alleges that on August 13, 2023, he was told by management that he could not return to work until he provided a medical note indicating "no restrictions." *Id.* Plaintiff was put in a "non-pay/awol status." Compl. at 3. He alleges that the foregoing actions constitute discrimination and retaliation against him for his disability. D.E. 1-4.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on February 23, 2024, which was dismissed as untimely. *Id.* He now seeks to bring this action.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP application. *See* D.E. 1-1.

However, courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[2] 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F.

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Under the screening determination, complaints may also be dismissed for failure to state a claim. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

Even construed liberally, the Complaint fails to state a claim. For an "employee to make out a prima facie case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating (1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job. The plaintiff must make a prima facie showing that reasonable accommodation is possible." *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).

Plaintiff's allegations are too threadbare and conclusory to state a claim. The Court cannot discern what Plaintiff's job functions actually entail; what the link between his surgery and his placement on "non-pay/awol status" is; or any timeline or details surrounding his inability to work (for example, when was he told he could not come to work, what reason was given, what communications exist between himself and management). Accordingly, the Court is unable to discern a claim from the allegations as they are currently pled.

**III.      CONCLUSION**

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-1, and **DISMISS** *without prejudice* Plaintiff's Complaint, D.E. 1.     An appropriate Order accompanies this Opinion.     Plaintiff will have 45 days from the entry of the accompanying Order to file an amended complaint.


Dated: October 15, 2024

_____
Evelyn Padin, U.S.D.J.