<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK A. ORTIZ,<br><br>      Plaintiff,<br><br>v.<br><br>LOUIS DEJOY, *et al.*,<br><br>      Defendants. | No. 24cv9218 (EP) (AME)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Mark A. Ortiz seeks to bring this action *in forma pauperis* ("IFP") against Defendants Louis DeJoy, the United States Postal Service ("USPS") Postmaster General; Steve Laird; and George Smith. D.E. 1 ("Complaint"). The Court previously granted Plaintiff's IFP application, dismissed the Complaint *without prejudice*, and afforded Plaintiff 45 days to file an amended complaint. D.E. 4. After failing to timely amend, the Court dismissed the action *with prejudice*. D.E. 5 ("Order"). Following the dismissal order, Plaintiff filed a letter explaining his delay and submitting what the Court construes to be an amended complaint. D.E. 6 ("Amended Complaint" or "Am. Compl."). For the reasons below, the Court will **VACATE** the Order and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

As a threshold matter, the Court will **VACATE** its Order, D.E. 5, which dismissed the action *with prejudice*. As Plaintiff is *pro se*, additional leeway is warranted. As such, the Clerk of Court shall **REOPEN** this matter and file Plaintiff's Amended Complaint, D.E. 6. The Court must now screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff states that he left work at the Northern New Jersey Metro Post Office ("Post Office") due to illness. Am. Compl. ¶ 1. On August 13, 2023, non-party Brian Barnes told Plaintiff he could not return to work without providing a doctor's note stating "no restrictions." *Id.* Plaintiff alleges that, according to a provision of the USPS's Employee and Labors Relation Manual, ELM 513.362, medical documentation is only required for absences exceeding three days and contains no requirement that such documentation specifies the worker has "no restrictions." *Id.* Management continued to enforce the "no restrictions" requirement for over 33 weeks, barring Plaintiff's return to work. *Id.*

In August 2024, Plaintiff received documentation from the Post Office incorrectly listing his absence from September 14, 2023 to March 27, 2024 as due "to an OWCP[1]" code. *Id.* ¶ 3. Plaintiff characterizes this "misrepresentation" as a false attribution to a workers' compensation claim rather than the "true cause" of management's "no restrictions" requirement to return to work. *Id.* Management referenced ELM 513.364 as its justification for requiring a "no restrictions" note. *Id.* ¶ 4.[2] The requirement was enforced despite Plaintiff's documented disabilities—25% in the upper right extremity and 2% in the lower right extremity—stemming from job-related injuries. *Id.* ¶ 11.

Plaintiff alleges he was "harass[ed]" when sent a health information disclosure form, as it was an "unwarranted intrusion" into his private health information in violation of "his HIP[A]A[3]

---

[1] The Court understands OWCP to mean the U.S. Department of Labor's Office of Workers' Compensation Programs.

[2] ELM 513.364 states that medical documentation "must provide an explanation of the nature of the employee's illness or injury sufficient to indicate to management that the employee was (or will be) unable to perform his or her normal duties for the period of absence. Typically, medical statements such as 'under my care' or 'received treatment' are not acceptable evidence of incapacitation to perform duties."

[3] The Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-6, does not create a private right of action. *Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. 2019).

rights." *Id.* ¶ 5.  Plaintiff further alleges that his work hours were tampered with to falsely show that he did not enter into work.  *Id.* ¶ 6.  He also avers he was denied a request for "light duty" work. *Id.* ¶ 7.

In January 2024, Plaintiff was informed that he could return to work if he accepted a demotion, which he refused.  *Id.* ¶ 8.  Management also "suggested" that he consider filing for disability retirement, "making it clear they were unwilling to accommodate Plaintiff's restrictions." *Id.*  Plaintiff was terminated in October 2024 due to a lack of sufficient FMLA[4]-protected hours.  *Id.* ¶ 12.

## II.    ANALYSIS

Courts must review an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[5]  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Under the screening determination, complaints may also be dismissed for failure to state a claim.   *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule

---

[4] Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

[5] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (internal citation omitted).

Even construed liberally, the Complaint fails to state a claim.  The Court construes the Complaint as attempting to allege a claim under Section 504 of the Rehabilitation Act of 1973.  For an "employee to make out a prima facie case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating (1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job.  The plaintiff must make a prima facie showing that reasonable accommodation is possible."  *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996).

*First*, while the Third Circuit has not definitively addressed individual liability under the Rehabilitation Act, it has cited approvingly to the Second Circuit's ruling "that individuals are not liable under the statute."  *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (citing *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)).  The Court is also persuaded by the Second Circuit's ruling, and like other courts in this district, adopts it.  *See Abbott v. Atlantic City*, No. 11-4851, 2017 WL 1137441, at *12 (D.N.J. Mar. 27, 2017); *South v. Fed. Bureau of Prisons*, No. 20-9045, 2023 WL 4232082, at *7 (D.N.J. June 28, 2023).  Therefore, the Court will **DISMISS** the Rehabilitation Act claim against Defendants in their individual capacities ***with prejudice***.

*Second*, even if individuals were liable under the Rehabilitation Act, Plaintiff's allegations are still too vague to state a claim. The Court is unable to discern each Defendant's role in the alleged events. *See* Fed. R. Civ. P. 8(a). Further, "[t]o establish causation sufficient to state a claim for relief under the Rehabilitation Act, a plaintiff must plead facts showing that his disability was 'the sole cause of discriminatory action' against him[.]" *Sarboukh v. N.J. Governor Philip Murphy*, No. 22-1622, 2023 WL 5425622, at *4 (D.N.J. Aug. 23, 2023) (quoting *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019)). The Court is unable to discern the connection between Plaintiff's illness and the 'improper request' to provide medical documentation indicating "no restrictions," let alone the connection between that request and the alleged discrimination. Am. Compl. at 13. Section 504 claims are also subject to the "prerequisite exhaustion of administrative remedies," which Plaintiff has not shown has occurred in the Amended Complaint. *Doe v. DeJoy*, No. 19-5885, 2020 WL 4382010, at *13 (E.D. Pa. July 31, 2020) (quoting *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3d Cir. 2007)).

## III.    CONCLUSION

For the reasons stated above, the Court will **VACATE** its previous Order dismissing this action *with prejudice*, D.E. 5, and order the Clerk of Court to **REOPEN** this case and file the Amended Complaint, D.E. 6. The Court will **DISMISS** *without prejudice* the Amended Complaint, D.E. 6. An appropriate Order accompanies this Opinion. Plaintiff will have **45 days** from the entry of the accompanying Order to file a Second Amended Complaint.

Dated: January 7, 2025

Evelyn Padin, U.S.D.J.