<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. ORTIZ, <br><br> Plaintiff, <br><br> v. <br><br> LOUIS DEJOY, *et al.*, <br><br> Defendants. | No. 24cv9218 (EP) (AME) <br><br> **OPINION** |

**PADIN, District Judge.**

After *pro se* Plaintiff Mark A. Ortiz was granted *in forma pauperis* ("IFP") status, the Court screened and dismissed Plaintiff's Complaint *without prejudice* for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). D.E.s 9-10. Plaintiff now submits an Amended Complaint against Defendant United States Postal Service ("USPS") for alleged violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*, ("RA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, ("ADA"), and the Family Medical Leave Act, 29 U.S.C. § 3615 ("FMLA"). D.E. 16 ("Amended Complaint" or "Am. Compl."). For the reasons below, the Court will **DISMISS** the Amended Complaint *without prejudice* pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.    BACKGROUND**

Plaintiff worked as a mail handler at USPS and suffered on-the-job injuries covered by the Office of Workers' Compensation programs, resulting in a "25% permanent disability to Plaintiff's upper right extremity, and 2% lower right extremity." Am. Compl. ¶ 8. Plaintiff avers that he had "documented permanent work restrictions" and was told by USPS that he could not return to work without a doctor's note stating he had "no restrictions." *Id.* ¶¶ 10-11. He did not work for 33 weeks and was also unable to work 1,250 hours required under FMLA eligibility. *Id.* ¶¶ 12-13.

USPS offered Plaintiff a demotion as a condition to return, which Plaintiff refused. *Id.* ¶ 14. He was placed on unpaid leave on October 4, 2024. *Id.* ¶ 15.

## II.  ANALYSIS

The Court previously granted Plaintiff IFP status and must review the Amended Complaint to determine whether it should be dismissed as frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.[1]  28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff proceeds *pro se*, the Court construes the Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Under the screening determination, complaints may also be dismissed for failure to state a claim. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under Section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

---

[1] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

As a threshold matter, "the Rehabilitation Act provides the exclusive means by which a litigant may raise claims of discrimination on the basis of handicap by federal agencies." *Spence v. Straw*, 54 F.3d 196, 202 (3d Cir. 1995); *see also Venter v. Potter*, 435 F. App'x 92, 95 n.1 (3d Cir. 2011) ("Venter also claims that his termination violated the Americans with Disabilities Act of 1990 . . . but '[i]n clear statutory language, Congress established that USPS is part of the federal government and that the entire federal government is excluded from the coverage of the ADA.'") (quoting *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003)).  Accordingly, the Court will **DISMISS** *with prejudice* the ADA claim, to the extent it is pleaded.

The remaining claims in the Amended Complaint, even construed liberally, fail to meet the pleading standards.  To make out an FMLA interference claim, Plaintiff must establish:

> (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA.

*Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).

Plaintiff's Amended Complaint makes only general and threadbare allegations that do not provide sufficient facts from which this Court can infer that he was entitled to FMLA leave.  Plaintiff states that he suffered "on-the-job injuries covered by the Office of Workers' Compensation Programs," but does state what those injuries are or why they entitled him to FMLA leave.  Am. Compl. ¶ 8; *see White v. SP Plus Corp.*, 858 F. App'x 488, 490 (3d Cir. 2021) (non-precedential) ("Although it is apparent that White took a leave of absence from work due to a hand injury, he did not allege sufficient facts from which one could infer that he was eligible for or entitled to FMLA leave, or that he even requested such leave.").  Plaintiff must bolster his pleadings to explicitly allege each of the foregoing required elements of an interference claim.

3

Plaintiff's RA claims suffer from the same deficiencies. For an "employee to make out a prima facie case of discrimination under the Rehabilitation Act, the employee bears the burden of demonstrating (1) that he or she has a disability, (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job. The plaintiff must make a prima facie showing that reasonable accommodation is possible." *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996). "[A] disability is any impairment that substantially limits at least one major life activity." *Greb v. Potter*, 176 F. App'x 260, 262 (3d Cir. 2006). "The EEOC regulations define a substantial limitation as a significant restriction in a major life activity 'as compared to . . . the average person in the general population.'" *Id.* (quoting *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 195 (2002), *overturned by statute on other grounds* (2009)).

The Amended Complaint explains neither what injuries Plaintiff nor Plaintiff's qualifications to perform his job with or without accommodations. He states that he had a "25% permanent disability" in his "upper right extremity" and "2% lower right extremity." Am. Compl. ¶ 8. The Court cannot decipher what these disabilities are. Plaintiff must allege what his injuries were and how they impacted his ability to do his job.

### III. CONCLUSION

For the reasons stated above, the Court will **DISMISS** *without prejudice* Plaintiff's Amended Complaint, D.E. 16. An appropriate Order accompanies this Opinion. Plaintiff will have **45 days** from the entry of the accompanying Order to file a Second Amended Complaint.

Dated: April 8, 2025

                                                                                Evelyn Padin, U.S.D.J.